**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MIKHEIL KHOMIZURI,** <br><br> ***Petitioner*,** <br><br> **v.** <br><br> **MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; DAVID VENTURELLA, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR AND SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR ) OF THE EL PASO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; AND JOHN DOE, IN HIS OFFICIAL CAPACITY AS WARDEN OF THE ERO EL PASO CAMP, EAST MONTANA FACILITY,** <br><br> ***Respondents*.** | § | **No. 3:26-CV-01753-LS** |

**ORDER DISMISSING CASE**

Petitioner Mikheil Khomizuri seeks a writ of habeas corpus under 28 U.S.C. § 2241, but the Court has already considered and denied Petitioner's claims.[1] "[A] petitioner can abuse the

[1] *See Khomizuri v. Mullin*, No. 3:26-00875-LS (W.D. Tex. May 14, 2026).

writ by raising a claim in a subsequent petition that he could have raised in his first,"[2] or by "rais[ing] the same claim a second time,"[3] and a district court may raise abuse of the writ *sua sponte*.[4] The district court should then "dismiss any claims raised in [a petitioner's] second petition that he raised in his first as well."[5] For any new claims that could have been raised in the first petition, the petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim."[6] Petitioner argues that detention without a bond hearing violates his right to procedural due process and equal protection of the law under the Fifth Amendment to the U.S. Constitution, the Suspension Clause of the U.S. Constitution, the Immigration and Nationality Act, the Administrative Procedure Act, and binding agency regulations, which he argued in his first petition.[7] Indeed, he filed the exact same petition in this case. The Court therefore **DISMISSES** this action with prejudice for abuse of the writ. The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 8, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[2] *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).
[3] *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020).
[4] *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).
[5] *In re Aldama Aleman*, No. 26-50451, 2026 WL 2192789, at *1 (5th Cir. July 29, 2026) (citing *Beras*, 978 F.3d at 252).
[6] *Id.* (quoting *McCleskey*, 499 U.S. at 494–95).
[7] Petition for Writ of Habeas Corpus, *Khomizuri v. Mullin*, No. 3:26-00875-LS (W.D. Tex. March 30, 2026), ECF No. 1 at 4.